The plaintiff Mary Davis attained her full age on 1 January, 1808, at which time she was under coverture, and it is *Page 332 
contended on behalf of the defendant that she was bound to sue within three years from that period, as the proviso of the act extends only to that disability which existed when the cause of action accrued.
It has been taken for granted in the argument, that on the authority of adjudged cases, if Mary was obliged to sue within three years after her coming of age, and the statute has barred her right, it operates also to bar the right of the coplaintiff, who was and still continues under disability. It is not necessary for me to express any opinion on the very novel question of law which the peculiar facts of this case present, nor should I be willing to do so without argument and consideration. But I would remark in passing that in all the cases wherein it has been held that the right of those coplaintiffs who are under disability is barred by the neglect to sue within due time, of those who were of ability there was one or more of the plaintiffs free from all the incapacities enumerated in the statute. And Perry v. Jackson, in 4 Term, 519, was decided on the reasoning that the proviso was introduced into the statute in order to protect the interests of those persons which there was no one of competent age, of competent understanding, or competent in point of residence, to protect. The words of the proviso are: (611) "If any person or persons that is or shall be entitled to any such action, etc., be or shall be, at the time of any such, given or accrued, fallen or come within the age of 21 years, then such person or persons shall be at liberty to bring the same actions so as they bring the same within such times as are before limited after their coming of full age, etc." The grammatical construction of this clause, it has been properly remarked by the Court, extends only to cases where the person individually, a single plaintiff, or persons in the plural when there are several plaintiffs, are not in a situation to protect their interests. In that case one or more of the partners was resident in England and free from all disability. In Riden v. Frion, 7 N.C. 577, two of the plaintiffs were of full age. And in no case has it occurred that all the plaintiffs were under disability when the cause of action accrued, and continued so till its commencement. In the absence of express authority, I should pause before I pronounced the right of the plaintiff Keturah defeated by the neglect of her sister Mary, who never has been sui juris since the cause of action accrued.
It is contended on the part of the defendant that, as the cause of action accrued when Mary was a minor, she was bound to sue within three years after arriving at the age of 21 years, whereas a period of eleven years beyond that time had elapsed, and that the disability of coverture having supervened to that of infancy, does not give her three years after the dissolution of the coverture; that the exceptions in the proviso *Page 333 
are to be referred respectively to that disability which existed at the time the cause of action accrued, and do not extend to any occurring afterwards. In support of this objection several cases have been read which tend strongly to show that is the true construction of the act; and though it may be discovered upon an attentive and critical examination of it, it is not the obvious one. On the contrary, the general if not universal impression in this State has been that the act (612) designed to protect the rights of those whom the law deemed incapable of taking care of them themselves, and that an infant becoming covert during her infancy was as much an object of the law as a femecovert, on whom a right devolved during her coverture.
I am satisfied, from an attentive examination of the act of 1715, that this is not its true and grammatical construction, but that, according to its terms, the infant must bring the action within three years after his or her coming of full age, although he or she shall be covert, non compos, imprisoned or beyond sea before that period arrived; that the non compos
should bring his action within three years after he became of sound mind, although during his infirmity he became imprisoned, and so on as to the other exceptions. The act, however, has received a different construction, occasioned, perhaps, by its never having undergone a rigid scrutiny, but more probably from the privileges and immunities possessed by persons at the common law, who labored under these several disabilities, which, by general acceptance, have been transferred to the interpretation of the act.
At the common law no laches were accounted in infants and feme coverts
for not making a claim or entry to avoid descents; and in discussing this subject Littleton states "that if husband and wife, as in right of the wife, have title and right to enter into lands which another hath in fee or in fee tail, and such tenant dieth seized, etc., in such case the entry of the husband is taken away upon the heir which is in by descent. But if the husband die, then the wife may well enter upon the issue which is in descent, for that no laches of the husband shall turn the wife or her heirs to any prejudice or loss in such case, but that the wife and her heirs may well enter where such descent is eschewed during coverture." Littleton, sec. 403. In his commentary on this section Lord Coke, after stating that the law would be different if a feme sole
were disseized of lands and then take husband, proceeds thus: "But if the woman were within age at the time of her taking (613) husband, then the dying seized shall not, after the decease of her husband, take away her entry; because no folly can be accounted in her, for that she was within age when she took husband, and after coverture she cannot enter without her husband; all which is implied in the, etc." Co. Litt., 246a. *Page 334 
This construction of the case of cumulative disabilities, thus clearly stated by Lord Coke, has by long acquiescence attached itself to the act of limitations, and cannot directly be changed by any authority less than that of the Legislature. The opinion has been general, if not universal, in this State for the last thirty years that such is the meaning of the act; and it is not from matter decided only where the point has been raised upon argument, but also from the long-continued practice of the courts, without objection taken, that the rules of law are collected. 15 East, 225. I, therefore, think the judgment should be affirmed.
HENDERSON, J., being of this opinion, also.
PER CURIAM. Affirmed.
Cited: Caldwell v. Black, 27 N.C. 472; Williams v. Lanier, 44 N.C. 37;Davis v. Perry, 89 N.C. 422.